IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01250-ZLW

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 3 1 2009

GREGORY C. LANGHAM
CLERK

DARRELL LAMONT BAILEY,

Applicant,

v.

UNITED STATES OF AMERICA.,
GEN. COUN. WATTS,
DIR. LAPPIN, and
A.G.,

Respondents.

---

ORDER DENYING MOTION TO RECONSIDER

---

Applicant Darrell Lamont Bailey, a federal prisoner who currently is housed in the State of Colorado at the United States Penitentiary in Florence, Colorado, filed a *pro se* pleading titled, "Judicial Notice (R. 201) Magistrate Nullity & Traverse (6/4/09)," on July 21, 2009. The Court must construe the pleading liberally because Mr. Bailey is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). The July 21, 2009, pleading, therefore, will be construed as a Motion to Reconsider and will be denied for the reasons stated below.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243

(10th Cir. 1991). Mr. Bailey filed the document within ten days after the Order of Dismissal and the Judgment was entered in the instant action. The Court, therefore, finds that the Motion to Reconsider is filed pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243.

On July 15, 2009, the Court dismissed this action because Mr. Bailey failed to cure the deficiencies identified in Magistrate Judge Boyd N. Boland's May 29, 2009, Order. Specifically, in accordance with the May 29, 2009, Order, Mr. Bailey failed to file his claims on a proper Court-approved form used in filing 28 U.S.C. § 2241 actions, and he failed either to pay the filing fee or to file a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

Mr. Bailey's Motion to Reconsider, for the most part, is unintelligible. To the extent in the Motion Mr. Bailey is attempting to assert that he paid the $5.00 filing fee but the money was returned, the financial division of the Court has no record of a check from Mr. Bailey that would have been applied for payment in the instant action. Nonetheless, even if Mr. Bailey had paid the $5.00 filing fee, he failed to cure all deficiencies. Mr. Bailey did not submit his claims on a Court-approved form. The Court, therefore, concludes that Mr. Bailey fails to demonstrate some reason why the Court should reconsider and vacate the July 15, 2009, Order of Dismissal. Mr. Bailey is reminded that the instant action was dismissed without prejudice, and he may, if he desires, seek to file a new action. Accordingly, it is

ORDERED that the "Judicial Notice (R. 201) Magistrate Nullity & Traverse (6/4/09" (Doc. # 6), filed July 21, 2009, is construed as a Motion to Reconsider, filed pursuant to Fed. R. Civ. P. 59(e), and is denied.

DATED at Denver, Colorado, this 21 day of July, 2009.

BY THE COURT:

*[signature]*
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01250-ZLW

Darrell Lamont Bailey
Reg. No. 00973-424
ADX - Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/31/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk